**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| CHARLES EDWARD ROBBINS,<br>Appellant, | DOCKET NUMBER<br>AT-0752-22-0188-I-1 |
| v. | |
| DEPARTMENT OF ENERGY,<br>Agency. | DATE: April 2, 2024 |

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Charles Edward Robbins</u>, Knoxville, Tennessee, pro se.

<u>Alexander Borman</u>, Esquire, and <u>Amy Sirignano</u>, Esquire, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## REMAND ORDER

The agency has filed a petition for review, and the appellant has filed a cross petition for review of the initial decision, which dismissed the appellant's involuntary retirement appeal as settled and entered the settlement agreement into the record for enforcement purposes. For the reasons discussed below, we GRANT the petition for review and the cross petition for review, VACATE the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

initial decision, and REMAND the case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

The appellant retired from his position as a GS-13 Auditor, effective October 31, 2020. Initial Appeal File (IAF), Tab 9 at 4. On January 19, 2021, the appellant filed an Equal Employment Opportunity complaint alleging that the agency discriminated against him on the basis of his disability and subjected him to a hostile work environment, and that its actions forced him to retire. IAF, Tab 8 at 46-50. The agency accepted his complaint and identified his alleged involuntary retirement as a "mixed case issue."[2] *Id.* at 115-19. On January 10, 2022, the agency issued a final agency decision on the merits of the appellant's involuntary retirement claim, finding no discrimination. IAF, Tab 1 at 7-22. In its decision, the agency informed the appellant that he could file a Board appeal regarding his involuntary retirement claim. *Id.* at 21-22.

The appellant timely filed an appeal with the Board, IAF, Tab 1, and requested a hearing, *id.* at 2, which the administrative judge duly set, IAF, Tab 42. Before the scheduled hearing, the parties submitted a signed settlement agreement, effective October 20, 2022, to the administrative judge. IAF, Tab 43 at 7-9. In pertinent part, the agreement provided that, among other things, the appellant agreed to voluntarily withdraw "MSPB Case No. AT-0752-22-0188-I-1" in exchange for a $10,000.00 payment from the agency. *Id.* The agreement also provided for a 7-day revocation period. *Id.* at 8. On October 24, 2022, the

---

[2] A mixed case arises when an appellant has been subject to an action that is appealable to the Board, and he alleges that the action was effected, in whole or in part, because of discrimination. *Miranne v. Department of the Navy*, 121 M.S.P.R. 235, ¶ 8 (2014). An appellant has two options when filing a mixed case: he may initially file a mixed-case complaint with the agency, followed by an appeal to the Board, or he may file a mixed-case appeal with the Board and raise his discrimination claim in connection with his appeal. *Id.* When an employee files a timely mixed-case complaint with the agency, the employing agency must issue a final agency decision on the employee's discrimination claims and provide the employee with notice of his rights to file an appeal with the Board. *Id.*, ¶ 9; 29 C.F.R. § 1614.302(d)(3).

administrative judge issued an initial decision canceling the hearing and dismissing the appeal as settled. IAF, Tab 44, Initial Decision at 1-2.

The agency has filed a pleading titled "Reopening an Appeal Dismissed Without Prejudice," notifying the Board that the appellant rescinded the settlement agreement. Petition for Review (PFR) File, Tab 1 at 1, 4. The Office of the Clerk of the Board construed the pleading as a petition for review of the initial decision. PFR File, Tab 2. The appellant has filed a cross petition for review. PFR File, Tab 3. The agency has filed a response. PFR File, Tab 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

On review, the agency asserts that the appellant timely rescinded the settlement agreement, wherein he voluntarily withdrew his appeal, and it requests "any relief deemed proper." PFR File, Tab 1 at 4. In the appellant's cross petition for review, he also asserts that he timely rescinded the settlement agreement. PFR File, Tab 3 at 3. He also requests to reopen his appeal "and proceed to a hearing at the earliest opportunity." *Id.*

An appellant's withdrawal of an appeal is an act of finality that removes the appeal from the Board's jurisdiction. *Lincoln v. U.S. Postal Servi*ce, 113 M.S.P.R. 486, ¶ 7 (2010). Generally, the Board will not reinstate a withdrawn appeal absent unusual circumstances, such as misinformation or new and material evidence. *Page v. Department of Transportation*, 110 M.S.P.R. 492, ¶ 5 (2009). As previously explained, the parties' settlement agreement is the basis for the appellant's withdrawal. IAF, Tab 43 at 7-9.

A settlement agreement is a contract between the parties and may only be voided in limited circumstances, such as fraud, coercion, or mutual mistake. *Linares-Rosado v. U.S. Postal Service*, 112 M.S.P.R. 599, ¶ 8 (2009). In addition, events occurring after the purported settlement of an appeal can cast doubt on the settlement's validity. *Id.*; *see Hazelton v. Department of Veterans*

*Affairs*, 112 M.S.P.R. 357, ¶ 11 (2009); *DeLoach v. Department of the Air Force*, 108 M.S.P.R. 485, ¶ 11 (2008).

Although the appellant voluntarily withdrew his appeal, under the settlement agreement, he retained the right to "rescind the agreement within a seven-day period after execution," i.e., by October 27, 2022. IAF, Tab 43 at 8. The appellant states, and the agency agrees, that he timely revoked the settlement agreement on October 27, 2022.[3] PFR File, Tabs 1, 3. In circumstances such as this, where an appellant has revoked a settlement agreement, the Board has reopened or remanded the appeal. *See Linares-Rosado*, 112 M.S.P.R. 599, ¶ 11; *see also Jarosz v. Department of the Air Force*, 107 M.S.P.R. 281, ¶ 6 (2007) (determining that it was appropriate to reopen and reinstate the appellant's appeal after he revoked the settlement agreement under the agreement's revocation provision); *Brown v. Department of Defense*, 94 M.S.P.R. 669, ¶¶ 6-8 (2003) (remanding the appeal for adjudication because the agreement was no longer valid after the appellant revoked her consent under the terms of the agreement). Thus, we find it appropriate to vacate the initial decision and remand the appeal for further adjudication.

The administrative judge determined below that the appellant made a nonfrivolous allegation of Board jurisdiction over his appeal sufficient to entitle him to a hearing on his involuntary retirement claim. IAF, Tab 30 at 1. Accordingly, on remand, the administrative judge should hold the appellant's requested hearing on the issue of whether his October 31, 2020 retirement was the result of coercion based on intolerable working conditions and, therefore, a constructive removal within the Board's jurisdiction. *See Vitale v. Department of*

---

[3] To the extent the administrative judge dismissed the appeal as settled and entered the settlement agreement into the record before the expiration of the 7-day period in which the appellant could revoke the agreement, ID at 1-2, he erred. *See Brown v. Department of Defense*, 94 M.S.P.R. 669, ¶ 6 (2003). However, in view of our findings in this decision, and the ultimate disposition, any such error did not prejudice the appellant's substantive rights. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

*Veterans Affairs*, 107 M.S.P.R. 501, ¶ 17 (2007). If, on remand, the administrative judge determines that the Board has jurisdiction over this appeal as a constructive removal, then the administrative judge shall adjudicate the appellant's affirmative defenses and order appropriate relief. IAF, Tab 1 at 2, 4; *see Baldwin v. Department of Veterans Affairs*, 111 M.S.P.R. 586, ¶ 46 (2009) (noting that when the Board finds a resignation or retirement involuntary, the Board not only has jurisdiction over the appeal, but the appellant wins on the merits and is entitled to reinstatement).

## ORDER

For the reasons discussed above, we remand this case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.

*Gina K. Grippando*

FOR THE BOARD:           _____
                                 Gina K. Grippando
                                 Clerk of the Board

Washington, D.C.